IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE MELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-244-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner CHRISTOPHER LEE MELL challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On November 20, 2013, petitioner was charged by Indictment in the 181st Judicial District Court of Potter County, Texas, with the 2nd degree felony offense of possession of a controlled substance in violation of section 481.115(d) of the Texas Health and Safety Code. Specifically, it was alleged that on or about September 27, 2013, petitioner:

> [D]id then and there intentionally or knowingly possess a controlled substance, namely, methadone, in an amount of four grams or more but less than two hundred grams.

*State v. Mell*, No. 66,143-B. [ECF 18-2 at 13]. The Indictment also included an Enhancement Paragraph pursuant to section 12.42(b) of the Texas Penal Code for purposes of increasing the level of

petitioner's punishment range to that of a 1st degree felony. Specifically, the paragraph alleged that on January 16, 2001, before the commission of the instant offense, petitioner had previously been finally convicted of the felony offense of delivery of a controlled substance in Cause No. 42,973-E in the 108th District Court of Potter County, Texas. [*Id*.].

On December 16, 2013, the State filed a Motion to Amend Indictment requesting the language ". . . on or about the 27th day of September, 2013 . . ." from the original indictment be amended to state ". . . on or about the 27th day of September, 2012 . . ." [ECF 18-2 at 15]. The proposed Order submitted by the State on the second page of the motion recited the portions of the Indictment charging petitioner with the possession offense, with the correct year substituted, and the declaration and typed signature of the grand jury foreperson, but failed to recite the Enhancement Paragraph portion from the original Indictment. [ECF 18-2 at 16]. On December 17, 2013, the trial court, finding the motion was proper, signed the State's proposed Order setting out the above noted partial language of the original Amendment, as amended, but failed to "check the box" as to whether the motion to amend was granted or denied. [ECF 18-2 at 16].

In March 2014, the State filed pretrial notices under Texas Code of Criminal Procedure article 37.07 and Texas Rules of Evidence 404(b) and 609 listing the January 16, 2001 delivery of a controlled substance offense, along with other offenses. [ECF 18-2 at 39, 41, 43]. The notices, however, made no mention of the State's intent to enhance petitioner's punishment range by submitting evidence of that prior felony conviction.

On May 12, 2014, the trial court conducted a pre-trial hearing on petitioner's "Motion in Limine No. 4" [ECF 18-2 at 72] wherein petitioner sought to prevent the State from eliciting testimony from its witnesses about the initial confrontation police had with petitioner at his residence approximately 45 minutes prior to the traffic stop that lead to petitioner's arrest. [ECF 18-5 at 8-14]. The trial court, noting the police encounter with petitioner at the residence was relevant "with regard to the identity issue" and to explain why petitioner was immediately arrested during the traffic stop,

denied the motion in limine. [*Id*. at 14].

On May 13-14, 2014, petitioner's case was tried before a jury. During the voir dire of the jury panel, the State made general reference to a possible heightened punishment range and inquired of the panel's willingness to consider such a range. Of course, the existence of a specific prior felony conviction as the basis for the enhanced punishment ranged was not mentioned. During the guilt/innocence stage of the trial, the State elicited testimony that the police initially approached the house where they encountered petitioner due a tip that drug sales were possibly taking place at the residence. The State also elicited testimony of the details of the conversation police had with petitioner during the initial encounter concerning his misstated identity and also presented an audio recording of the encounter that was admitted into evidence and played for the jury. [ECF 18-6 at 17-106]. On May 13, 2014, the jury found petitioner guilty of possession of a controlled substance as alleged in the Indictment. [ECF 18-2 at 96; 18-6 at 185-86].

Prior to the jury being seated in the courtroom for the punishment phase of the trial, defense counsel announced to the trial court an objection to the State reading the Enhancement Paragraph from the original Indictment to the jury. Counsel argued that by not including the Enhancement Paragraph in its Order on the second page of the motion to amend the Indictment, the State had waived the punishment enhancement and, therefore, petitioner was facing only a 2nd degree felony punishment range. In response the State argued it had not affirmatively waived the punishment enhancement, that the purpose of an Enhancement Paragraph is only to give notice to the defense of the State's intent to seek a punishment enhancement, and that the State had fully complied in providing notice of its intent. [ECF 18-6 at 187-92]. The trial court, noting the jury was questioned during voir dire about circumstances wherein the punishment range would be increased and that the form order granting the amendment was not fully completed by the court, overruled defense counsel's objection and allowed the State to read the Enhancement Paragraph to the jury after they were seated for the punishment phase of the trial. [ECF 18-6 at 189, 190, 192]. After the State read the Enhancement Paragraph,

petitioner pleaded "true" to its allegations. [ECF 18-6 at 192-93]. The parties then continued with the punishment phase of the trial.

On May 14, 2014, the jury sentenced petitioner to forty (40) years imprisonment in the Texas Department of Criminal Justice, Institutional Division, and assessed a fine of $1,000. [ECF 18-2 at 91]. The state trial court accepted the jury's verdict and sentence and entered a corresponding Judgment, said Judgment being signed May 20, 2014. [ECF 18-2 at 107-08].

Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas asserting the trial court erred in admitting the evidence of the officers' initial contact with petitioner and also in allowing the State to seek enhancement of petitioner's punishment range by alleging a prior final felony conviction. [ECF 18-9]. On September 3, 2015, the intermediate state appellate court, finding the trial court did not abuse its discretion in admitting evidence of the officers' initial knock and talk contact with petitioner as background contextual evidence, and that the State did not waive its right to seek enhancement of petitioner's punishment from proof of a previous, final felony conviction by its amendment of the Indictment, affirmed the judgment of conviction. *Mell v. State*, No. 07-14-0207-CR. [ECF 18-11]. Petitioner did not seek direct review of that ruling by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On August 23, 2016, petitioner purportedly placed a state application for habeas corpus relief in the prison mail system collaterally attacking his conviction on the same grounds raised herein, such application being received and file-marked on August 29, 2016. [ECF 18-15 at 5-19]. On October 19, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Mell*, No. WR-85,825-01. [ECF 18-14].

On October 26, 2016, petitioner purportedly placed the instant federal application for habeas corpus relief in the prison mail system. [ECF 1 at 8]. The United States District Court for the Southern District of Texas, Houston Division, received petitioner's application on October 31, 2016, at which time it was file-stamped and this federal habeas corpus proceeding opened. On November 7, 2016, the

case was transferred to this Court. [ECF 3]. On November 28, 2016, in response to an order of this Court, petitioner submitted an Amended Petition fully replacing the original petition. [ECF 7, 9]. On March 29, 2017, respondent filed an Answer arguing petitioner's habeas application should be dismissed because he fails to overcome the AEDPA re-litigation bar and his claims lack merit. [ECF 19]. On April 21, 2017, petitioner filed a reply to respondent's answer. [ECF 20].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.  Petitioner was denied his constitutional right to due process and a fair trial when the trial court overruled his objection to an untimely punishment enhancement notice;

2.  Petitioner was denied his constitutional right to due process and a fair trial because he was convicted on a defective indictment;

3.  Petitioner was denied his constitutional right to due process and a fair trial because the trial court lacked subject matter jurisdiction due to the defective indictment; and

4.  Petitioner was denied effective assistance of trial counsel because counsel failed to timely object to the State's introduction of evidence of the officers' initial knock and talk contact with petitioner as background contextual evidence.

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows, and this Court finds, that the prior adjudication:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

>    2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003). The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012). The AEDPA standard is met only in cases where there is <u>no possibility</u> a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (*quoting* 28 U.S.C. § 2254(e)(1)). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

In determining whether the state court decision was unreasonable, this Court must be careful

not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *Harrington v. Richter*, 562 U.S. 86 (2011). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. *Id*. This is so whether or not the state court decision reveals which of the elements, in a multi-part claim, it found insufficient. Section 2254(d) applies when a "claim," not a component of one, has been adjudicated. *Id.*

Here, petitioner filed a state habeas application challenging the constitutionality of his conviction and sentence alleging exactly the same grounds alleged in the instant federal habeas petition. The Court of Criminal Appeals denied petitioner's state habeas application on October 19, 2016 without written order. *Ex parte Mell*, No. WR-82,825-01. [ECF 18-14]. The ruling of the Texas Court of Criminal Appeals constitutes an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999). Consequently, this Court's review is limited to determining whether petitioner has shown the state court's decision that petitioner's constitutional right to due process and a fair trial were not violated by allowing the State to seek an enhanced punishment range, and allowing the trial to proceed to verdict based on a finding that the Indictment or Indictment, as amended, in this case was sufficient to provide notice and invoke the trial court's jurisdiction, was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

## IV.
## MERITS

In his federal habeas application, petitioner has not referenced or attempted to establish, much less proven, the threshold standards to obtain federal habeas relief. Petitioner has merely repeated the same allegations from his state habeas application without alleging he has met the threshold requirements or attempting to show in what way the state habeas court's denial of relief was based on either an unreasonable application of federal law as determined by the United States Supreme Court, or on an unreasonable determination of facts in light of the evidence. By failing to specify in his habeas application how the state courts' denials were unreasonable, petitioner did not met his burden under the AEDPA of establishing the mandatory predicate that must be met before this Court can grant federal habeas relief. Consequently, the AEDPA re-litigation bar of section 2254(d) could be applied to foreclose relief to petitioner on all of his claims raised in this federal habeas proceeding and petitioner's federal habeas application denied solely on this basis.

However, in his "Traverse to Respondent's Answer," petitioner does conclusorily argue, for the first time, that the "evidence necessary to meet the . . . AEDPA standard is clearly within the record." [ECF 20 at 2]. Petitioner then argues, with regard to his first ground, that "the trial court's decision to allow the State to read the enhancement paragraph without proper notice and after the punishment phase had 'formally commenced' was based on an 'unreasonable determination of the facts' in this instance." With regard to his second ground, petitioner states "for the trial court to permit the State to prosecute based upon either an original 'fatally flawed' indictment, or an ungranted attempt at an 'amended' indictment is an unreasonable determination of the facts in this instance [and] U.S. Supreme Court precedent is violated by prosecuting a defendant without a lawful indictment." With regard to his third ground, petitioner states that "for the trial court to permit the State to prosecute based upon either an original 'fatally flawed' indictment, or an ungranted attempt at an 'amended' indictment is an unreasonable determination of the facts in this instance [and] U.S. Supreme Court precedent is

violated by prosecuting the petitioner without a 'lawful' indictment." Such arguments, although again conclusory for the most part, should have been made in petitioner's habeas application rather than in reply to respondent's answer. Even so, the undersigned has addressed petitioner's claims to show why the re-litigation bar applies to each claim and why petitioner is not entitled to federal habeas relief on the merits of each claim.

### A. Trial Court's Overruling of Objection to Enhancement Paragraph and Notice of Enhanced Punishment Range

By his first ground, petitioner argues he was denied his Constitutional right to due process and a fair trial because the trial court erred in allowing the State to seek the punishment range enhancement without meeting its constitutional obligation to provide timely notice to petitioner of its intent to do so. Specifically, petitioner argues the State waived the punishment enhancement paragraph in the original Indictment by failing to include it in the proposed Order on the State's Motion to Amend Indictment that was signed by the trial judge, and by also failing to give petitioner new notice of its intent to proceed with the punishment enhancement *prior to* the start of the punishment phase of the trial. Petitioner thus contends he did not have constitutionally sufficient notice of the State's intent to seek a higher punishment range and that the trial court erred in allowing the State to proceed with the enhancement, thereby denying petitioner due process and a fair trial.

Petitioner raised this claim on direct appeal and in his state application for habeas relief. On direct appeal, the intermediate state appellate court,[1] after noting the original indictment contained an unchallenged enhancement paragraph sufficient to provide the required notice, held the State did not "demonstrate an intention to negate the notice" of petitioner's prior conviction for punishment enhancement contained in the original indictment. [ECF 18-11 at 7]. While acknowledging the State's

---

[1] Federal courts look through to the "last reasoned opinion" of the state courts to determine whether the denial of a claim was contrary to, or an unreasonable application of, federal law. *See Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018); *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012).

proposed order, "drafted in a form that appear[ed] to restate the original indictment, with the correct offense date but without the enhancement paragraph, might fairly be said to muddy the waters regarding the State's intentions on enhancement," the court found the form of the State's order, standing alone, did not waive the punishment enhancement. [*Id.* at 8]. The appellate court further found the record did not support petitioner's contention "that the indictment amendment hindered his 'opportunity to make informed decisions as to his rights under the United States and Texas Constitutions'" and that petitioner was not harmed by the State's "mixed message regarding enhancement . . . even under the constitutional-error standard" set forth in the state appellate rules.

Petitioner has not demonstrated, and the undersigned does not find, the state appellate court's decision is contrary to clearly established federal law as determined by the Supreme Court of the United States, or that the state court's application of such law was "objectively unreasonable" so as to overcome the AEDPA re-litigation bar. Moreover, based on the specific facts and circumstances of this case, counsel's apparent awareness of the State's intention to seek punishment enhancement, the absence of any surprise or lack of preparedness on the part of the defense, as well as the unavailability of any challenge to the accuracy of or other defense to the enhancement allegation, the undersigned finds petitioner was provided with constitutionally sufficient and timely notice of the State's intent to seek a punishment enhancement. Petitioner's first ground should be denied.

### B. Sufficiency of the Indictment and the Trial Court's Subject Matter Jurisdiction

Petitioner's next two grounds appear to allege the Indictment was defective because it was not properly amended and, therefore, the trial court lacked subject matter jurisdiction to consider or try his case, or impose judgment. Petitioner's claims are without merit.

Petitioner correctly notes the original Indictment alleged the offense occurred on or about a date in 2013, and that the State filed a Motion to Amend Indictment seeking to change the year the alleged offense was committed, *i.e.*, from 2013 to 2012. Petitioner also correctly notes that while the

state trial court signed and dated the proposed order (located on page 2 of the motion to amend) which stated "the Court having reviewed the pleading and the file finds that the motion is proper," the court failed to check the "fill in the blank" space next to either of the words "granted" or "denied" on the proposed order.  Petitioner thus contends "the State's motion to amend was never even granted to begin with, per the record."  Petitioner further argues the amendment was invalid as there was no cause number recited on the proposed order portion of the document, and the grand jury foreman did not re-sign the re-stated amended portion of the Indictment included in the order.  Petitioner maintains that as the State abandoned its original Indictment with an incorrect date, failed to have its motion to amend granted, and failed to include a cause number or original signature of the grand jury foreman in the amended indictment language in the proposed order, the indictment was defective and "the State had no legitimate instrument upon which to prosecute this case."  Petitioner concludes that as a result of the defective indictment, the trial court was devoid of subject matter jurisdiction to lawfully try this case.

      The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the convicting state court of jurisdiction.  *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003).  Whether the indictment is sufficient to confer jurisdiction on the state trial court is a matter of state law.  *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir.1994) (*citing Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir.1988); *Bueno v. Beto*, 458 F.2d 457 (5th Cir.1972)).  "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *Id*. at 68 (*citing Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.1987); *Alexander*, 775 F.2d at 598).

      Petitioner raised these same sufficiency of the indictment claims in his application for state habeas corpus relief.  Therefore, the Texas Court of Criminal Appeals has already considered these claims and "in declining to grant relief 'necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.'" *Id*. at 68 (*quoting Alexander*,

775 F.2d at 599). Consequently, this Court defers to the state court's decisions on these matters of state law.

Even if this Court were to independently consider the sufficiency of the state's charging instruments, original or as amended, the undersigned would not find they were fatally defective, provided petitioner and his counsel sufficient notice of the charges against petitioner, would not have been subject to dismissal or being quashed, and adequately conferred jurisdiction on the state trial court.[2] The undersigned would further find no violation of state law, or any constitutional denial of due process or a fair trial. Moreover, petitioner has not demonstrated the state court's denial of these claims was contrary to clearly established federal law as determined by the Supreme Court of the United States, that the state court's application of such law was "objectively unreasonable," or that the state court's denial was based on an unreasonable determination of the facts in light of the record before the state court so as to overcome the AEDPA re-litigation bar. Petitioner's second and third grounds should be denied.

### C. Effectiveness of Counsel

In the fourth ground of his habeas application, petitioner asserts he was denied effective assistance of trial counsel because counsel failed to timely object to the State's introduction of evidence of the officers' initial knock and talk contact with petitioner as background contextual evidence. However, in his "Traverse to Respondent's Answer" petitioner states he "hereby <u>ABANDONS</u> his ineffective assistance claim." [ECF 20 at 3]. Consequently, the undersigned does not address the claim of ineffective assistance raised in petitioner's habeas application.

---

[2]The undersigned notes the original Indictment, even though alleging the offense occurred on or about a date in 2013 rather than 2012, charged the offense occurred on a date within the 3-year statute of limitations for prosecuting the possession offense, and before the presentment of the indictment. *See* Tex. Code Crim. Proc. art. 21.02 (2013) ("The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.").

V.
RECOMMENDATION

For the above reasons, and the reasons set forth in respondent's March 29, 2017 *Answer* [ECF 19], it is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner CHRISTOPHER LEE MELL be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 19, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).